UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY SPEELMAN, ROBERT NEWELL,        :
RHONDA NELSON, JOSEPH WADDY,
CHARLES FARFAGLIA, PATRICK DURNING,     :
ROBERT SPINELLA and ROBERT JANDOVICH
as Trustees of the U.F.C.W. LOCAL 1500 WELFARE   :        COMPLAINT
FUND and U.F.C.W. LOCAL 1500 WELFARE FUND,
                                         :
            Plaintiffs,                         CIVIL ACTION NO.:
                                         :
      -against-
                                         :
1525 ALBANY AVENUE MEAT LLC and
100 GREAVES LANE MEAT LLC d/b/a          :
KEY FOOD SUPER CENTER,
                                         :
            Defendants.
------------------------------------------------------------x

Plaintiffs, Anthony Speelman, Robert Newell, Rhonda Nelson, Joseph Waddy, Charles

Farfaglia, Patrick During, Robert Spinella and Robert Jandovich, as Trustees of the U.F.C.W.

Local 1500 Welfare Fund ("the Trustee Plaintiffs") and the U.F.C.W. Local 1500 Welfare Fund

("the Fund"), by their attorneys, Broach and Stulberg, LLP, allege as follows:

I.

NATURE OF ACTION

1.      This action is brought by Plaintiffs pursuant to Sections 502 and 515 of the

Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145

(hereinafter "ERISA"), to enforce Defendants' obligations to make contributions to the Fund

pursuant to the terms of the collective bargaining agreements between Defendants and

U.F.C.W. Local 1500, AFL-CIO, CLC ("the Union").

## II.
## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and §1145.

3.      Venue is proper in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Fund is administered in Nassau County, New York.

## III.
## PARTIES

4.      The Fund was established and is maintained pursuant to an Agreement and Declaration of Trust, as amended and restated from time to time (the "Trust Agreement").  The Fund is administered by a Board of Trustees of composed or an equal number or union and employer representatives pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5) (hereinafter "LMRA").  The Trustee Plaintiffs are the current trustees of the Fund and, as such, exercise discretionary authority and control over the management of the Fund's plans and Fund assets.  Accordingly, The Trustee Plaintiffs are fiduciaries with respect to the Fund pursuant to ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A).

5.      Pursuant to the terms of the Trust Agreement, the Trustee Plaintiffs maintain the Fund and established its plans of benefits for the purpose of providing health and welfare benefits to eligible participants and beneficiaries.  Employers contribute to the Fund on behalf of certain of their employees pursuant to collective bargaining agreements between such employers and the Union.  Accordingly, the Fund is an "employee welfare benefit plan" and a "multiemployer plan" within the meaning of ERISA Sections 3(1) and (37), 29 U.S.C. §1002(1) and (37).  The Fund is administered, and maintains its principal place of business, at 425 Merrick Avenue, Westbury,

New York 11590.

6.      Upon information and belief Defendants are limited liability corporations

organized under the laws of the State of New York, with their principal places of business

located at 1525 Albany Avenue, Brooklyn, NY 11214 and 100 Greaves Lane, Staten Island, NY

10308, respectively.  Upon information and belief, the same individuals own and control both

Defendants.  Upon information and belief, Defendants do business under the name Key Food

Super Center.

## IV.

## STATEMENT OF FACTS

7.      Defendants and the Union are parties to a collective bargaining agreement ("the

CBA"), dated March 21, 2016.  Pursuant to Article 33 of the CBA, effective January 1, 2016, the

Defendants became obligated to contribute to the Fund on behalf of each employee covered by

the CBA at rates dependent upon whether the covered employee is classified as a full-time, 30

hour or more per week part-time, special part-time or regular part-time employee.

8.      Notwithstanding the clear and unambiguous language of the CBA, Defendants

have failed to make full contributions to the Fund on behalf of certain full-time, 30 hour or more

per week part-time and special part-time employees.  The amounts owed on behalf of such

employees have been provided to Defendants by the Union on numerous occasions.  By reason

of their failure to make full contributions pursuant to the CBA, Defendants owe a total of

$50,450.05 to the Fund due to underpayment of contributions during the period January 1, 2016

through June 30, 2016.  The Union has made repeated demand for payment of such amount, but

Defendants have failed and refused to make payment.

9.      On or about August 19, 2016, counsel to the Fund sent letters to Defendants, demanding payment of the amount referenced in Paragraph "8" of this Complaint. Neither counsel nor the Fund received a response to said letter.

10.     To date Defendant has not submitted payment for the unpaid contributions or any portion thereof.

V.

AS AND FOR A FIRST CAUSE OF ACTION

11.     Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

12.     Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement…[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

13.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

14.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), requires that "[i]n any action brought by a fiduciary on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan-

(A)   the unpaid contributions;

      (B)   interest on the unpaid contributions;

      (C)   an amount equal to the greater of-
             (i) interest on the unpaid contributions, or
             (ii) liquidated damages…..in an amount not in
             excess of 20 percent of the [unpaid contributions],

      (D)   reasonable attorney's fees and costs of the action, to be paid
           by defendant, and

      (E)   such other legal or equitable relief as the court deems appropriate."

15.     Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), also provides for recovery of "a reasonable attorney's fee and costs of action" at the court's discretion.

16.     Defendants have failed to pay the delinquent contributions they owe to the Fund despite repeated demand for payment thereof. Accordingly, Defendants are liable to Plaintiffs, pursuant to Sections 502 and 515 of ERISA, for the amount of the delinquent contributions reference in Paragraph "8" of this Complaint, together with interest, liquidated damages and attorneys' fees.

**WHEREFORE**, Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendants as follows:

    i. For unpaid contributions owed to the Fund in the amount of $50,450.05 for the period January 1, 2016 through June 30, 2016, pursuant to 29 U.S.C. §1132(g)(2)(A);

    ii. For interest on said contributions, calculated from the due date through the present at the rate of 1% per month, compounded monthly, pursuant to 29 U.S.C. §1132 (g)(2)(B) and the Fund's governing documents;

    iii. For liquidated damages in an amount equal to the greater of (a) the amount of interest awarded in paragraph (ii) above, or (b) twenty percent (20%) of the total amount of unpaid contributions ($) pursuant to 29 U.S.C. §1132 (g)(2)(C);

    iv. For the costs of this action pursuant to 29 U.S.C. §1132 (g)(2)(D);

    v. For reasonable attorney's fees incurred by Plaintiffs pursuant to 29 U.S.C. §1132 (g)(2)(D); and

vi.   For such other and further relief as this Court deems appropriate.

Dated:  New York, New York
         October 4, 2016

BROACH & STULBERG, LLP

By: _____
       Judith P. Broach (JB4041)
       Attorneys for Plaintiffs
       One Penn Plaza
       Suite 2601
       New York, New York 10119
       Tel:  (212) 268-1000
       Fax:  (212) 947-6010
       Email:  jbroach@brostul.com